JOURNAL ENTRY and OPINION
Appellant Cory McGaughey appeals the decision of the trial court sentencing him to four years imprisonment following his guilty plea to two counts of Gross Sexual Imposition pursuant to R.C. 2907.05. McGaughey assigns the following error for our review:
 I. THE TRIAL COURT ERRED IN IMPOSING A SENTENCE OF FOUR YEARS RATHER THAN A SENTENCE OF ONE YEAR IN VIOLATION OF THE STATUTORY PRESUMPTION.
Having reviewed the facts and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
A Cuyahoga County grand jury indicted McGaughey on one count of Rape of a Minor Child, with a life specification, and one count of Gross Sexual Imposition of a Minor Child, a third degree felony. On February 23, 2000, McGaughey pled guilty to two counts of Gross Sexual Imposition in order to avoid prosecution on the rape charge. Pursuant to R.C. 2929.14(A), a person convicted of a third degree felony shall be sentenced on each count to a prison term of one, two, three, four, or five years. Following a hearing, the trial court sentenced McGaughey to two concurrent four-year prison terms.
McGaughey appeals the trial court's decision to impose more than the minimum allowable sentence under R.C. 2929.14(A). McGaughey argues that the trial court failed to find at least one of two necessary factors in order to sentence him to more than the minimum allowable term. McGaughey's basis for his appeal is found in R.C. 2929.14(B), which reads:
 * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
The Ohio Supreme Court addressed this issue in State v. Edmonson (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131. The court held:
 We construe [R.C. 2929.14(B)] to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. By contrasting this statute with other related sentencing statutes, we deduce that the verb "finds" as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons.
In this case, prior to sentencing McGaughey, the trial court stated:
 The Court finds that it would demean the seriousness of the offense and it would pose a risk to society if I were to sentence you to the minimum, and I believe that this defendant poses a great likelihood of committing future crimes, * * *.
The court explicitly found on the record that imposing the minimum sentence would demean the seriousness of McGaughey's conduct and would not adequately protect the public from future crime by the offender or others. The court considered the minimum sentence and then rejected it based on both factors found in R.C. 2929.14(B). In doing so, the court complied with R.C. 2929.14(B) and Edmonson. Accordingly we overrule McGaughey's assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ PATRICIA ANN BLACKMON, J.
MICHAEL J. CORRIGAN, P.J., and ANN DYKE, J., CONCUR.